UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| KAREN YOUNG, | ) CV 13-3693-SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Widow's Disability Insurance Benefits pursuant to 42 U.S.C. 402(e), (f). Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.

On February 23, 2010, Karen Young applied for Widow's Insurance Benefits. Administrative Record ["AR"] 199. After Plaintiff's claim was denied on December 9, 2010, she requested a hearing before an Administrative Law Judge (ALJ). AR 18. The ALJ denied the Plaintiff's claim on December 1, 2011, and the Appeals Council denied Plaintiff's request for review on February 26, 2013. AR 6, 34. This action followed. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief in Support of the Complaint ["Plaintiff's Brief"]; Defendant's Brief in Support of Defendant's Answer ["Defendant's Brief"]); Plaintiff's Reply with Memorandum of Points and Authorities ["Plaintiff's Reply"]; and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be affirmed.

## I. **PROCEDURAL BACKGROUND**

On September 29, 2004, plaintiff Karen Young filed for Supplemental Security Income, which was denied in the hearing Decision of ALJ Jay Levine. AR 78. Judge Levine found that Young retained the Residual Functional Capacity (RFC) for light work. On December 20, 2006, plaintiff filed for Widow's Insurance Benefits as well as Supplemental Security Income benefits, and the ALJ again found an RFC of light work. Id. On February 23, 2010, Young filed for Widow's Insurance Benefits, alleging a disability beginning on February 8, 2010, later amended to May 23, 2010. AR 40-41, 206-213. The ALJ denied Young's request for Widow's Insurance Benefits, finding that

because there was no new and material change since the last ALJ decision, *res judicata* principles applied[1] and the prior RFC finding of light work was sustained. AR 24, 147-148, 214.

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision, plaintiff commenced this civil action seeking judicial review of her case.

## II. DISCUSSION

**A. The ALJ Properly Rejected the Examining Physician's Findings.**

Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) held in relevant part:

> The ALJ is responsible for resolving conflicts in the medical record. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 203). Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. Lester v. Chater, 81 F.3d at 830[2]; 20 C.F.R. §§ 404.1527(d), 416.927(d). As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on "clear and convincing reasons." Lester, 81 F.3d at 830-31. Where such an opinion is contradicted, however, it may be rejected for "***specific and legitimate reasons that are supported by substantial evidence in the record***." Id.

(emphasis added)

No treating physician addressed the plaintiff's RFC. Dr. Mehran Sourehnissani, the consultative examining physician, found paraspinal tenderness of the lumbar spine with decreased range of motion and tenderness of the knees. AR 307, 308. Dr.

---

[1] See Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988).
[2] Lester v. Chater, 81 F.3d 821 (9th Cir. 1996).

3

Sourehnissani also observed that the plaintiff had difficulty getting on and off the examining table, had a slow and stiff gait, and required a cane to ambulate long distances. AR 308, 309. Based on his physical examination of the plaintiff and these observations, Dr. Sourehnissani concluded that the plaintiff is limited to standing and walking two hours per day. AR 309.

The ALJ rejected the examining physician's conclusion that the plaintiff could only sit and stand for two hours per day, and gave the plaintiff an RFC designation of light work. The ALJ gave great weight to the findings of Dr. Limos, the Disability Determination Service medical consultant. AR 27. Dr. Limos concluded that the plaintiff's RFC of light work designated in her prior ALJ hearing should be upheld because there was no significant material change in the plaintiff's condition, based on the Case Summary which notes that plaintiff has mild paraspinal muscle spasms, knee pain with crepitus, strength 4/5 with right extremities, and a left x-ray showing diffuse soft tissue swelling and calcification in the distal femur. AR 335, 337. Dr. Limos' opinion was substantial evidence upon which the ALJ was entitled to rely because it was consistent with the Case Summary, since the opinions of non-examining physicians may serve as substantial evidence when the opinions are consistent with the independent clinical findings or other evidence in the record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ provided specific and legitimate reasons for rejecting Dr. Sourehnissani's opinion. The ALJ noted that although there was paraspinal tenderness of the lumbar spine, it was mild, and straight leg raises were negative. The ALJ also indicated that despite tenderness of the knees, objective records did not indicate extreme knee problems. AR 26. Furthermore, the ALJ concluded that no x-rays or exams supported the plaintiff's claim that she requires a cane, noting observations that Plaintiff was "moving quite freely up and down from her chair and also out in to the nurse's station". AR 25, 26. The ALJ also opined that the medical records were insufficient to establish fibromyalgia, there was no evidence of hypertensive symptoms limiting plaintiff's ability to function, left hip arthritic changes were mild to minor, and plaintiff's serologies for systemic lupus erythematosus were negative. AR 26, 27.

Therefore, the ALJ properly dismissed Dr. Sourehnissani's opinion by concluding that it conflicted with the medical record, and by referencing Dr. Limos' clinical findings as substantial evidence supporting this conclusion. See Lester, 81 F.3d at 831.

The ALJ also held that the examining physician's opinion should be rejected because it was inconsistent with the plaintiff's testimony. AR 27. The plaintiff testified that her ability to walk and stand had not changed since her last disability hearing. AR 51, 52. The ALJ asserted that since the plaintiff was given an RFC designation of light work at her last disability hearing, her testimony that her physical abilities had not changed since then contradicts the examining physician's RFC designation of a more

limited ability to stand and walk. AR 27.

However, the ALJ misinterprets the plaintiff's testimony. The plaintiff's claim that "nothing really has changed" does not imply that she believes she can stand and walk for six hours, consistent with her prior RFC designation of light work. Rather, the plaintiff was asserting that she can only walk for ten or fifteen minutes and can only stand for five or ten minutes. AR 52. Furthermore, a new ALJ hearing requires a thorough analysis of all evidence in the record, including all expert testimony, to confirm the plaintiff's claims. Merely noting that the plaintiff's subjective complaint differs from an examining physician's findings is not sufficient to discredit the examining physician. Therefore, claiming that the plaintiff's testimony was inconsistent with the examining physician's findings was not a sufficiently specific and legitimate reason supported by substantial evidence for rejecting the physician's opinion. See Lester, 81 F.3d at 831.

When the ALJ's decision remains legally valid, despite any error, the Court will affirm the prior judgment. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012). Here, since the ALJ properly rejected Dr. Sourehnissani's opinion because it conflicted with the medical record, and this conclusion was supported by the substantial evidence of Dr. Limos' clinical opinion, the ALJ's improper rejection of the examining expert based on the plaintiff's conflicting testimony was harmless error.

**B. The ALJ Properly Assessed the Effects of Obesity on Young's Ability to Work.**

The Plaintiff contends that the ALJ failed to properly address Plaintiff's obesity when designating her RFC as "light work". The ALJ noted that "[n]o doctor found that claimant has obesity that singly or in combination precludes all work activity". This statement does not address whether the plaintiff's obesity limits her to sedentary exertional activity, since an RFC of sedentary exertion would not preclude all work activity, but would merely limit the plaintiff to standing and walking for two hours per day. AR 27.

However, when there is no evidence of Plaintiff's obesity actually limiting his or her functioning, the ALJ's failure to consider such alleged limitations is not reversible error. Burch v. Barnhart, 400 F.3d 676, 683-84 (9th Cir. 2005). Here, the ALJ was not obligated to assess the impact that Plaintiff's obesity might have on her other impairments. Although the plaintiff claims that it "borders on the fantastic" that she could have stood or walked for six hours per day given her BMI, there is no evidence of such a limitation. Plaintiff's Brief at 7, 8. There is no evidence in the record that any doctor diagnosed Plaintiff with obesity. Nor did any doctors suggest that obesity intensified the Plaintiff's other impairments. In fact, doctors did not even recommend that the Plaintiff lose weight. Therefore, the ALJ did not err in dismissing the impact of Plaintiff's obesity on her RFC designation.

## III. ORDER

For the foregoing reasons, the Decision of the Commissioner is affirmed, and the Complaint is dismissed

DATED:  June 17, 2014

*/s/ Stephen J. Hillman*

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE